# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**ORIGINAL**

**CASE NO.:** CV 06-6146 SJO (FFMx)  **DATE:** December 15, 2006

**TITLE:** Noble Developments, Inc. v. Falcon Enterprises, Inc. and Falcon Foto, LLC

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                      Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**     **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                                            Not Present

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

ENTERED
CLERK, U.S DISTRICT COURT
DEC 18 2006
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

========================================================================

**PROCEEDINGS (in chambers):**

ORDER DENYING DEFENDANTS' MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS* AND GRANTING DEFENDANTS' ALTERNATIVE MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(A) [DOCKET # 11]

On September 26, 2006, Plaintiff Noble Developments, Inc. ("Noble") brought this action against Defendants Falcon Enterprises, Inc. ("Falcon Enterprises") and Falcon Foto, LLC ("Falcon Foto") (collectively, "Falcon" or "Falcon Defendants"), alleging a single cause of action for declaratory relief of non-infringement of copyright.

This matter is before the Court on Falcon Defendants' Motion to Dismiss Under *Forum Non Conveniens* or Alternatively to Transfer Pursuant to 28 U.S.C. § 1404. The hearing on the Motion was set for November 20, 2006. On November 13, 2006, Plaintiff Noble filed a late Opposition, to which Falcon Defendants filed a Reply.[1] Having carefully considered the arguments raised in

---

[1] The filing of Plaintiff's Opposition violates Local Rule 7-9, which provides in relevant part:

> Each opposing party shall . . . not later than fourteen (14) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but

MINUTES FORM 11
CIVIL GEN                          Page 1 of 16                    Initials of Preparer _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 06-6146 SJO (FFMx)</u>　　　DATE: <u>December 15, 2006</u>

support of and in opposition to the Motion, the Court deemed this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, Falcon Defendants' Motion to Dismiss under the doctrine of Forum Non Conveniens is DENIED. Defendants' Motion to Transfer pursuant to 28 U.S.C. § 1404 is GRANTED.

Unless indicated otherwise, the following is alleged in the Complaint. Plaintiff Noble is a Nevada corporation with its principal place of business in Carson City, Nevada. (Compl. ¶ 2.) Nobel produces and distributes content intended for a mature audience over the internet. (Compl. ¶ 8.) Defendant Falcon Enterprises is a California corporation with its principal place of business in Burbank, California (Compl. ¶ 3.) Defendant Falcon Foto is a California limited liability company with its principal place of business in Lakeview Village, California. (Compl. ¶ 4.) Falcon Foto is the licensing arm of Falcon Enterprises. (Compl. ¶ 10.)

Falcon is a licensor and distributor of "niche" adult entertainment. (Compl. ¶ 9.) Falcon licenses images owned by it to third parties, including persons and entities who operate internet web sites. (Compl. ¶ 11.) These third parties use Falcon's material to promote third-party web sites, as well as to provide content for their "subscription galleries." (Compl. ¶ 12.)

Noble purchased a server ("Server") from a third party that housed Falcon's copyrighted images ("Images"). (Compl. ¶¶ 1, 13.) The Images were a small part of the material on the

---

complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that party will not oppose the motion.

Notwithstanding the untimeliness of Plaintiff's Opposition, the Court exercises its discretion and considers Plaintiff's arguments on the merits.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 06-6146 SJO (FFMx)</u>     DATE: <u>December 15, 2006</u>

Server, and Noble was not aware of the existence of the Images. (Compl. ¶ 13.) Following purchase of the Server, Noble did not reproduce, distribute, modify, display or create derivative works of any of the Images. (Compl. ¶ 13.)

Noble received a cease and desist letter dated August 29, 2006 from Falcon's counsel, in which Falcon asserted that Noble engaged in various acts of infringement and that Noble was liable for damages ranging from $12,180,000 to $60,900,000. (Compl. ¶¶ 16, 17.) Accompanying the letter was a draft of a complaint against Noble, which described Noble's allegedly infringing activities. (Compl. Ex. A.) Falcon threatened to sue third parties with whom Noble enters into marketing relationships based on the alleged infringement by those third parties of Falcon's copyrights of the Images. (Compl. ¶ 21.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.: <u>CV 06-6146 SJO (FFMx)</u>**　　　　**DATE: <u>December 15, 2006</u>**

As a result, on September 26, 2006, Noble filed this action, seeking a declaration that it is not liable for infringement of the Images.[2] (Compl. ¶ 1.) On November 6, 2006, Falcon Defendants filed the instant Motion.

Falcon Defendants move for dismissal of this action pursuant to the doctrine of *forum non conveniens* or, in the alternative, for a transfer pursuant to 28 U.S.C. § 1404(a). Following the enactment in 1948 of § 1404(a), the Fifth Circuit in *Cowan v. Ford Motor Co.*, 713 F.2d 100 (5th Cir. 1983) explained the proper applicability of the doctrine of *forum non conveniens* in light of the enactment of § 1404(a):

> Section 1404(a) superseded the common law doctrine of *forum non conveniens* insofar as transfer to another federal district court is possible. As the Supreme Court pointed out in *Norwood v. Kirkpatrick*, "the harshest result of the application of the old doctrine of *forum non conveniens*, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer." 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789.

---

[2] As discussed in more detail below, counsel for Falcon Defendants Spencer D. Freeman ("Freeman") agreed with counsel for Noble Venkat Balasubramani ("Balasubramani") that, before filing a complaint against Noble, Falcon would notify Noble. (Freeman Decl. ¶¶ 8-9.) Not knowing that Noble had filed the present action in this District on September 26, 2006, and after attempting to contact Noble, Falcon Defendants filed a complaint in the United States District Court for the Western District of Washington ("Washington action") on September 27, 2006, naming Noble, Lucas Bradfield and Jane Do Bradfield individually and d/b/a Noble Development and/or Porn Kings, Roger Vadocz and Jane Doe Vadocz individually and d/b/a Marvad, Inc. and/or Porn Kings, Marvad Corporation, Trey Hickey and Jane Doe Hickey individually and d/b/a E-Media Group, Inc. and/or Porn Kings, E-Media Group, Inc. and John Does 1-10. Falcon has provided a copy of the first amended complaint that was filed in the Washington action. The first amended complaint alleges the following causes of action: (1) copyright infringement pursuant to 17 U.S.C. § 501 *et seq.*; (2) contributory copyright infringement pursuant to 17 U.S.C. § 501 *et seq.*; (3) unjust enrichment; (4) tortious interference with prospective contractual relations; (5) statutory and common law unfair competition; (6) accounting; and (7) constructive trust. (Apgood Decl. Ex. A.)

CASE NO.: <u>CV 06-6146 SJO (FFMx)</u>          DATE: <u>December 15, 2006</u>

*Cowan*, 713 F.2d at 103. Because, as discussed below, the Western District of Washington is an alternative federal forum in which the action could have been brought and to which this case may be transferred, dismissal pursuant to the doctrine of *forum non conveniens* is inappropriate. The only remedy potentially available to Falcon Defendants is transfer to the Western District of Washington. *See Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F. Supp. 317 (S.D. Miss. 1989).

In the alternative, Falcon Defendants move to transfer to the Western District of Washington pursuant to § 1404(a). A party moving for a transfer to another forum must establish: (1) venue is proper in the transferor district; (2) the transferee district is one where the action might have been brought; and (3) the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice. *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C. D. Cal. 1992). A motion for change of venue lies within the broad discretion of the district court and is determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

The Court determines that venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(1), because Falcon Defendants are incorporated under the laws of California with their principal places of business within this District. (Compl. ¶¶ 3-4, 7.) This Court has federal question jurisdiction to hear this case pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.* and 28 U.S.C. §§ 1331 and 1338. The Court also has personal jurisdiction over Falcon Defendants, because they have their principal places of business in the Central District of California. (Compl. ¶¶ 3-4.) As evidenced by Falcon's first amended complaint in the Washington

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 06-6146 SJO (FFMx)</u>    DATE: <u>December 15, 2006</u>

action against Noble, the Western District of Washington is a forum in which the action could have been brought, because venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), and that District has personal jurisdiction over Noble based on Noble's substantial business contacts in Washington. (Apgood Decl. Ex. A; Freeman Decl. in Support of Reply ¶¶ 6-8.) For the same reasons that this Court has subject matter jurisdiction over this action, the Western District of Washington has jurisdiction to decide this case. Because venue is proper in the Central District of California and this action could have been brought in the Western District of Washington, the resolution of this Motion turns on whether a transfer will serve the interests of justice.

A motion to transfer under 28 U.S.C. § 1404(a) requires the Court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. The Court may consider: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 1979).

In reference to plaintiff's choice of forum, the Court determines that this factor weighs in favor of transfer. The normal rule is that, unless the balance of convenience is strongly in favor of the defendant, a "plaintiff's choice of forum should not, or should rarely, be disturbed." *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). However, while a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 06-6146 SJO (FFMx)</u>    **DATE:** <u>December 15, 2006</u>

plaintiff's chosen forum is usually given great weight, that choice is not the final word in all cases. *See Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). The deference afforded to plaintiff's choice of forum is considerably less if the plaintiff does not reside in the forum where the action was commenced. *See New Image, Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa. 1981); *Hartford Fire Ins. Co.*, 725 F. Supp. at 322 (recognizing that "a plaintiff's choice of forum is entitled to little weight where he has sued in a district other than the district of his residence"). Moreover, a plaintiff's choice of forum is given substantially less weight in cases involving anticipatory suits and attempts at forum-shopping. *See Mission Ins. Co. v. Purina Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983). The principle disfavoring anticipatory lawsuits is especially strong where, as here, the first filed suit is one for a declaratory judgment. *See Patton Electric Co. v. Rampart Air, Inc.*, 777 F. Supp. 704, 708 (N.D. Ind. 1991) (recognizing that "a proper factor to consider in dismissing a declaratory judgment is whether the suit was filed in anticipation of another and therefore was being used for the purposes of forum-shopping.").

In this case, Plaintiff Noble is a Nevada corporation with its principal place of business in Carson City, Nevada. (Compl. ¶ 2.) Because Plaintiff does not reside in this forum, Plaintiff's choice of forum is entitled to substantially less deference that if it were a resident of this forum. *See New Image, Inc.*, 536 F. Supp. at 59.

In addition, Plaintiff's choice of forum deserves considerably less deference, because this action was filed in anticipation of the filing of another action and the timing of Plaintiff's suit suggests that Plaintiff has engaged in forum-shopping. *See Mission Ins. Co.*, 706 F.2d at 602 n.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 06-6146 SJO (FFMx)</u>   DATE: <u>December 15, 2006</u>

In the Motion, Falcon Defendants' counsel contend that Plaintiff's counsel informed them that he "filed this action in the Central District of California because he prefers the judges down there," and that Plaintiff's counsel "unequivocally admitted to [Falcon Defendants' counsel] that he filed the instant action for the purpose of forum-shopping." (Defs.' Mot. at 3.) In support of these claims, counsel for Falcon Defendants Mr. Robert P. Apgood ("Apgood") and Mr. Spencer D. Freeman ("Freeman") offer their declarations.

Freeman states that he sent the cease and desist letter on behalf of Falcon to Noble, discussed the possibility that Falcon would file an action against Noble, and, after several settlement discussions, agreed with Noble's counsel Mr. Venkat Balasubramani ("Balasubramani") that Falcon would not file any action against Noble without first notifying Balasubramani. (Freeman Decl. ¶¶ 3-6.) Before filing the action in the United States District Court for the Western District of Washington, Freeman attempted to contact Balasubramani, but was unable to reach him. On September 27, 2006, without knowing that Noble had filed an action in this Court against Falcon on September 26, 2006, Falcon filed the action in the Western District of Washington naming Noble as a defendant. (Freeman Decl. ¶¶ 7-9.)

Freeman further claims that on September 28, 2006, he had a conversation with Balasubramani regarding the filing the Complaint in this Court, and that Balasubramani stated that he believed "[t]he judges in the Central District of California would be better for [his] client," and that he "had concerns that the judges in the Western District of Washington would not look favorably on an adult entertainment company that was incorporated in Nevada." (Freeman Decl. ¶¶ 12-13.) When Freeman stated that Balasubramani was engaging in forum-shopping,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 06-6146 SJO (FFMx)</u>     DATE: <u>December 15, 2006</u>

Balasubramani said "Yes, that is true." According to Freeman, Balasubramani stated that, if Freeman revealed these statements to the Court in a declaration, then Balasubramani said he would just deny them. (Freeman Decl. ¶¶ 15-16.)

Apgood has submitted a declaration substantiating the claims made in Freeman's declaration. Apgood states that he was a party to an October 11, 2006 telephone conference with Freeman and Balasubramani, and that Balasubramani admitted to forum-shopping for his client. (Apgood Decl. ¶¶ 3-7.)

In response, Balasubramani has filed his own declaration refuting Falcon's counsel's. Balasubramani says that he "reject[s] any insinuation that the decision to file the lawsuit in this Court was made for an improper purpose, that he "did not state during a telephone conference with Mr. Apgood and Mr. Freeman that [he] engaged in 'forum shopping,'" and that "[i]n any event, these words are legally ambiguous and imprecise." (Balasubramani Decl. ¶ 4.) Notably, Balasubramani does not deny that the parties engaged in these settlement discussions and that Balasubramani requested that Freeman and Apgood contact him before filing an action against Noble. Based on the foregoing, the Court determines that the evidence regarding forum-shopping preponderates in favor of Falcon Defendants. Because plaintiffs are accorded less deference in cases involving anticipatory lawsuits and forum-shopping - particularly where, as here, a plaintiff has filed a suit for declaratory relief - the Court determines that Plaintiff's choice of forum should be accorded little weight. See *Patton Electric Co.*, 777 F. Supp. at 708. Accordingly, this factor strongly favors transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 06-6146 SJO (FFMx)</u>       DATE: <u>December 15, 2006</u>

In reference to the availability of compulsory process to compel attendance of unwilling non-party witnesses, the Court determines that this factor favors transfer. Falcon Defendants contend that "most, if not all, of the non-party witnesses that may be deposed or called to testify in this case are residents of the Western District of Washington." (Defs.' Mot. at 5.) In support, Falcon Defendants identify four Seattle, Washington residents who are crucial to Defendants' case. In his declaration, Apgood states that "a number of non-party witnesses who are either past or present employees of Plaintiff's Noble or of the other parties named in Falcon's First Amendment Complaint [in the Western District of Washington] may be called to testify at trial," and that "[w]hile the identities of all those individuals are, as yet, unknown, Falcon knows of at least three (3) material witnesses from it [sic] intends to obtain testimonial evidence[.]" (Apgood Decl. ¶ 11.)

Apgood has identified the following witnesses who reside in Seattle, Washington in the Western District of Washington: (1) Carol McCormick, a former employee of one or more of the defendants named in Falcon's first amended complaint, who has personal knowledge of Noble's business dealing in connection with the Porn King operation; (2) "John LNU," a technical and network support engineer who was either an employee or an independent consultant to various owners of the Porn Kings operation and who has extensive knowledge of the web sites and networks owned and operated by the various owners of the Porn Kings operation; and (3) "Jim LNU," a technical and network support engineer who was either an employee of or independent consultant to the various owners of the Porn Kings operation and who has extensive knowledge of the web sites and networks owned and operated by the various owners of the Porn Kings

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** <u>CV 06-6146 SJO (FFMx)</u>  **DATE:** <u>December 15, 2006</u>

operation.[3] Falcon Defendants state that they do not know the last name of "John LNU" or "Jim LNU," but they are aware of their existence and expect to ascertain their last name through discovery. (Apgood Decl. ¶ 11.)

Falcon Defendants also identify Mr. Ian Eisenberg ("Eisenberg"), a resident of Seattle, Washington, as a material witness. (Freeman Decl. in Support of Reply ¶¶ 2, 6.) They explain that Eisenberg can provide important information about relevant corporate business transactions that took place in Seattle, Washington between Eisenberg and the defendants named in Falcon's first a-

mended complaint in the Washington action. (Freeman Decl. in Support of Reply ¶¶ 4-9.) This testimony would be directly relevant to Noble's alleged infringing activities. Falcon Defendants further explain that, according to Eisenberg's attorney, "Eisenberg was unwilling to assist any party in the litigation absent legal process compelling him to do so." (Freeman Decl. in Support of Reply ¶ 10.)

In response, Plaintiff Noble argues that this factor weighs against transfer. Noble claims that Falcon's request should be rejected because Falcon offers no competent evidence in support of its Motion. (Pl.'s Opp'n at 5.) Referencing the district court's decision in *Hillard v. Guidant Corp.*, 76 F. Supp. 2d 566 (M.D. Pa. 1999), Plaintiff argues that Falcon Defendants' general claim

---

[3] The Porn King operation is the focus of Falcon's copyright infringement action in the Western District of Washington. In the first amended complaint filed in the Western action, Falcon alleges, among other things, that Noble and other named defendants each "owned and/or operated an entity or business known as Porn Kings," and that each defendant has "copied, reproduced, distributed, adapted, and/or publicly displayed [Falcon's] copyrighted works without the consent or authority of [Falcon], thereby directly infringing [Falcon's] copyrights." (Apgood Decl. Ex. A. ¶¶ 15-26, 152.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: **CV 06-6146 SJO (FFMx)**          DATE: **December 15, 2006**

that "most if not all of the non-party witnesses upon whose testimony Falcon must rely . . . reside in the Western District of Washington" (Pl.'s Mot. at 9), is insufficient to support Falcon Defendants Motion to transfer because "[a] contention . . . that a particular forum is inconvenient to potential witnesses must be supported by more than mere allegations." (Pl.'s Opp'n at 5.)

Noble also offers the following declarations to support its position that material witnesses will be available to testify in this forum and that the availability of compulsory process is not an issue: (1) the declaration of Carol Ann Flores, a former employee of Marvard Corporation (one of the defendants in the lawsuit filed in the Western District of Washington), who states that she will not be inconvenienced by traveling to Los Angeles to provide testimony, and that she will make herself available for testimony either in Los Angeles or Seattle with respect to this lawsuit (Flores Decl. ¶¶ 2, 9-10); (2) the declaration of Lucas Bradfield, Noble's sole shareholder and a named defendant in the Washington action, who states that he is a resident of Eugene, Oregon, and that "Seattle would be a much more inconvenient forum for [him] personally (and for Noble) than Los Angeles" (Bradfield Decl. ¶¶ 12, 15); and (3) the declaration of Trey Hickey, an employee and shareholder of E Media Group, Inc. and a named defendant in the Washington action, who states that he is a resident of Texas, and that he would be "tremendously inconvenienced if this lawsuit were transferred to Seattle, Washington." (Hickey Decl. ¶¶ 2, 8-12.)

Each of the three individuals who offered a declaration in support of Plaintiff's Opposition is either a named defendant in the Washington action or an individual who is likely aligned with a defendant in the Washington litigation. In view of this, the Court finds it difficult to believe that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 06-6146 SJO (FFMx)</u>        DATE: <u>December 15, 2006</u>

the individuals would be less inconvenienced if this action remained in the Central District of California and they were required to participate in two litigations.

Further, the Court disagrees with Noble's position that Falcon has not adequately identified important non-party witnesses, and determines that Noble's reliance on *Hillard* is misplaced. *Hillard* involved a situation where plaintiff was litigating related actions in both California and Pennsylvania. In that case, the district court recognized that "[t]he party seeking the transfer must clearly specify the key witnesses to be called and make a general statement of what their testimony will cover." *Hillard*, 76 F. Supp. 2d at 571. The plaintiffs in that case conclusorily stated the "majority of non-party witnesses will be necessary in both this action and the California actions, and will likely be required to repeat the same testimony in each case," without submitting any evidence or testimony to support this contention. The court determined that it was "difficult to tell from the plaintiff's bald allegations which witnesses they [were] referring to," and assumed that the plaintiffs were referring to plaintiffs' expert witnesses. The court determined that, because expert witnesses are closely aligned with the parties, they will likely travel wherever the plaintiffs preferred, and therefore found that the convenience of the experts should be given little weight. *Id.* Here, unlike *Hillard*, Falcon has identified four witnesses that will be crucial to presenting Falcon's side of this case, described with adequate specificity how these individuals are involved in this action, and established that at least one witness has stated that he will not make an appearance unless he is required by court order to do so. Accordingly, the Court determines that it lacks compulsory process over at least one key non-party, out-of-state witnesses who is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 06-6146 SJO (FFMx)</u>   DATE: <u>December 15, 2006</u>

unwilling to make an appearance in this case. Accordingly, the Court determines that this factor weighs in favor of transfer.

In reference to access to sources of proof, the Court finds that this factor is neutral. The parties pay scant attention to this factor in the briefs. Noble is a Nevada corporation, and it likely keeps most of its records and sources of proof in Nevada. Falcon Defendants are California corporations with their principal places of business within this District, and they likely keep their records and sources of proof within this District. In Freeman's declaration in support of the Reply Brief, Falcon Defendants reference certain relevant business transactions and transfers of property that took place in Seattle, Washington between Eisenberg and the defendants named in the Washington action. (Freeman Decl. in Support of Reply ¶ 6.) Based on the foregoing, it would appear that records are kept in Nevada, California and Washington. This factor is neutral.

In reference to the contacts with this forum, the Court finds that this factor favors transfer. As supported by Falcon Defendants' declarations and Falcon's complaint in the Western District of Washington, the events giving rise to Plaintiff's cause of action occurred outside of California, either in Nevada or Washington, where Plaintiff engaged in the allegedly infringing activity. Noble does not offer any evidence establishing that Noble's contacts in California gave rise to the present action in this forum. Falcon Defendants status as a California corporation appears to be the only connection between this litigation and the forum state. Accordingly, the Court determines that this factor favors transfer.

In reference to the cost imposed on the parties, the Court notes that both counsel for Falcon Defendants and counsel for Noble reside in and maintain their law practices in the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 06-6146 SJO (FFMx)</u>    **DATE:** <u>December 15, 2006</u>

Western District of Washington. (Defs.' Mot. at 10.) Although the Court may not consider the inconvenience to counsel, the Court determines that the parties would be unduly burdened if this action remained in this District. See *Soloman v. Cont'l Am.*, 472 F.2d 1043, 1047 (3rd Cir. 1973). This factor also favors transfer.

Finally, the Court considers whether transfer would serve the interest of justice and judicial economy. Falcon Defendants state that, if this Court denies Falcon Defendants' Motion, Falcon Defendants would be forced "to bring compulsory counterclaims against Nobel in this case" and "to continue with its claims against the other parties named in the Falcon Complaint," because Falcon Defendants "know[] of no nexus to this forum by the other defendants that would allow it to join those parties in this action." Falcon Defendants further claim that "[i]f unable to join these other parties, Falcon would be forced to re-litigate the same claims with the same facts in both cases." (Defs.' Mot. at 8.) The Court finds that judicial economy would be best served if this action were transferred to the Western District of Washington. In the case pending in the Western District of California, Falcon has named Noble along with several other defendants. (Apgood Decl. Ex. A.) In terms of judicial efficiency, it would make no sense to allow Noble's action for declaratory relief for non-infringement to go forward in this forum, while the lion's share of the litigation concerning the same issues takes place in another forum. For these reasons, judicial economy and the interest of justice weigh strongly in favor of transfer.

Taking into account all relevant factors, the Court determines that a transfer to the Western District of Washington is appropriate pursuant to 28 U.S.C. §1404(a). For the reasons explained above, Falcon Defendants' Motion to Dismiss under the doctrine of *forum non conveniens* is

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** <u>CV 06-6146 SJO (FFMx)</u>　　　　**DATE:** <u>December 15, 2006</u>

DENIED; Falcon's alternative Motion to Transfer pursuant to § 1404 is GRANTED; this case is TRANSFERRED AND CLOSED.  The clerk shall close the file.

　　IT IS SO ORDERED.